IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SAINT ARMAND GUILLOT,**

       **Petitioner,**

**v.**                                        **No. CV 11-1130 MV/LAM**

**RAY TERRY,**

       **Respondent.**

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

**THIS MATTER** is before the Court on Petitioner's *Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1)*, filed December 23, 2011. The United States, on behalf of Respondent Ray Terry, filed a response to the Petition on January 9, 2012. [*Doc. 6*]. Petitioner did not file a reply and the time for doing so has passed. United States District Judge Martha Vázquez referred the claims raised by Petitioner in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 3*]. Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that Petitioner's *Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1)* be **DENIED** as premature, and that this case be **DISMISSED without prejudice**.

---

[1] Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.

### *Background*

Petitioner is a native and citizen of Haiti [*Doc. 1* at 3 and *Doc. 6* at 4 (Ex. 1)], who was ordered removed on April 28, 2009 [*Doc. 1* at 4 and *Doc. 6* at 4 (Ex. 1)]. Following entry of this removal order, Petitioner was indicted and pled guilty to illegal re-entry, and, on September 21, 2009, was sentenced to 35 months of imprisonment. [*Doc. 1* at 4 and 11, and *Doc. 6* at 5-6 (Ex. 2)]. On November 25, 2011, after serving his sentence, Petitioner was taken into Immigration and Customs Enforcement (hereinafter "ICE") custody. [*Doc. 1* at 3-4]. Petitioner contends that his detention is unreasonable because it exceeds the presumptively reasonable period of six months set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.* at 6. In response, the United States contends that the six-month period did not begin to run until Petitioner was taken into ICE custody on November 25, 2011, so Petitioner's petition is premature because that time period has not yet run. [*Doc. 6* at 2].

### *Discussion*

Pursuant to 8 U.S.C. § 1231(a)(1)(A), an alien must be removed from the United States within a period of 90 days from when the alien is ordered removed. The Supreme Court while recognizing that hte statute "does not permit indefinite detention," nevertheless has held that aliens may be detained beyond the statutory 90-day time period for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. at 689. In *Zadvydas* the Supreme Court determined that the presumptive period during which the detention of an alien is reasonably necessary to effect his removal is six months. *Id.* at 701.

Contrary to Petitioner's contention, his removal period began on the date he was released from serving his prison sentence, which was November 25, 2011, not when his removal order was entered on April 28, 2009.  8 U.S.C. § 1231(a)(1)(B)(iii) ("The removal period begins on the latest of the following: . . . [i]f the alien is . . . confined . . ., the date the alien is released from detention or confinement."); *see also Jean-Henriquez v. Dep't of Homeland Sec.*, No. 4:05-CV-00304-MP-WCS, 2006 WL 1687853 at *3, n.5 (N.D. Fla. June 15, 2006) (unpublished) ("For a criminal alien, the [relevant] date appears to be the date he is released from his incarceration and is transferred to the custody of ICE.").  Since Petitioner's removal period began November 25, 2011, he has not been detained longer than the six months that are presumptively reasonable under *Zadvydas*.  For this reason, the Court finds that Petitioner's Petition is not ripe and should be denied.  *See Graham v. Hartford Life and Accident Ins. Co.*, 501 F.3d 1153, 1161 (10th Cir. 2007) ("[R]ipeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." (citations omitted).

## *Conclusion*

For the reasons stated above, the Court recommends that Petitioner's ***Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1)*** be **DENIED** as premature, and that this case be **DISMISSED without prejudice**.

*/s/ Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

3